# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7088 | **DATE** | 10/31/2001 |
| **CASE TITLE** | United States of America vs. Harris Bank of Palatine | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing held and continued to 11/15/2001 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  The cross-motions (9-1 and 13-1) for summary judgment are denied. Enter memorandum and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | NOV 01 2001 | |
| ✓ | Docketing to mail notices. | | date docketed | 22 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 OCT 31 PM 1:02 | docketing deputy initials | |
| SLB | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil No. 00 C 7088 |
| -vs- ) | |
| ) | JUDGE GEORGE W. LINDBERG |
| HARRIS BANK PALATINE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This case comes before the court on cross motions for summary judgment. Plaintiff, the United States of America, alleges that defendant, Harris Bank Palatine, unlawfully refused to surrender funds owned by Long Grove Landscaping Incorporated ("taxpayer") that were deposited in defendant's bank. Defendant alleges that taxpayer had no rights or ownership in these funds pursuant to a promissory note made on April 1, 1997, which stated that all "right, title and interest in and to [the] accounts" was "assign[ed], convey[ed], deliver[ed], pledge[d] and transferr[ed]" to defendant. It is undisputed that there were three checking accounts in taxpayer's name at defendant's bank on September 26, 1997, totaling $26,929.50. It is also undisputed that: (1) plaintiff filed the Notice of Federal Tax Lien on September 10, 1997; (2) plaintiff served the Notice of Levy on September 25, 1997; (3) defendant received and acknowledged this levy; and (4) the levy was in the amount of $46,278.91. Finally, neither party disputes that defendant did not release the funds from taxpayer's accounts, even though 21 days have passed and the final demand for payment was served on defendant on October 16, 1997.

Federal Rule of Civil Procedure 56(c) provides that summary judgment is to be granted when no dispute of material fact exists between the parties. The Court must view the evidence

00 C 7088

making all reasonable inferences in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party bears the initial burden of demonstrating that no material issue exists for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has properly supported its motion, the nonmoving party must offer specific facts demonstrating that a material dispute indeed exists. *Id.* "The non-moving party, however, may not rest upon mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial." *Weicherding v. Riegel*, 160 F.3d 1139, 1142 (7th Cir. 1998). Under Local Rule 56.1(a) of the United States District Court for the Northern District of Illinois, if the non-moving party sets forth additional material facts, the moving party must submit "a concise reply" using "in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." If the moving party does not respond to the non-moving party's additional facts in this manner, those facts will be deemed admitted. Because plaintiff's motion for summary judgment did not correctly adhere to the standards required for supporting a motion for summary judgment, plaintiff's motion is denied.

In its initial statement of uncontested material facts, plaintiff asserted that on September 26, 1997, there were three checking accounts in taxpayer's name at defendant's bank. Plaintiff did not assert in its 56.1(a) statement that those checking accounts were under the control of taxpayer or that taxpayer had access to those funds. This is, by all accounts, a material fact, as it is a valid defense to a levy action that the taxpayer has no rights to the levied property. *See United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 722 (1985). Defendant denied that taxpayer had rights in the bank accounts in its statement of additional facts that require the denial

2

00 C 7088

of summary judgment. Defendant supported this statement with a reference to the affidavit of Stuart Schramm. Plaintiff did not respond to defendant's additional assertions apart from arguing in its reply memorandum that "Harris Bank has not disputed the fact that LGLI had full and complete access to the funds in its checking accounts prior to the notice of levy being served." However, it is not defendant's duty to dispute facts that were not alleged in plaintiff's original 56.1(a) statement. Furthermore, defendant did dispute this fact both in its 56.1(b) response to plaintiff's motion and in its statement of additional facts. Because plaintiff did not ever respond to defendant's additional facts (asserting that taxpayer had no right to the money in defendant's bank) pursuant to Local Rule 56.1(a), those facts will be deemed admitted for the purposes of this motion. Plaintiff's motion for summary judgment is therefore denied.

Defendant's motion for summary judgment is also denied. Defendant did not present sufficient undisputed facts to establish the nature of defendant's security interest in taxpayer's property. Specifically, the evidence presented is insufficient to determine whether or not defendant's security interest in taxpayer's property was choate.

A federal tax lien is entitled to priority in all of a taxpayer's accounts receivable "arising more than 45 days after the Internal Revenue Service first filed notice of its tax lien." *J.D. Court, Inc. v. United States*, 712 F.2d 258, 259 (7th Cir. 1983). It is therefore important to determine: "(1) when the federal tax lien 'attaches'; and (2) when the state law security interest 'attaches.'" *Id.* at 261. If a state law security interest attaches before the notice of tax lien is filed, or within 45 days of that filing, the state law security interest gets priority. *Id.*

The determination of when the state security interest attaches is regulated by the "choateness doctrine," under which a lien is choate if the "identity of the lienor, the property

3

subject to the lien, and the amount of the lien are established." *Id.* (quoting *United States v. Pioneer American Insurance Co.*, 374 U.S. 84, 89 (1963)). In disputes regarding a bank's security interest in past-due accounts, it may be argued that a bank's security interest in property does not become choate until the bank exercises its right of set off or takes "other steps to prevent the depositor from withdrawing the money in the account." *See Jersey State Bank v. United States*, 926 F.2d 621, 623 (7th Cir. 1991). If a bank does not take these steps before the notice of tax lien is filed, or within 45 days of that filing, the bank may thereby lose all interest in the property. *Id.*

Defendant apparently relies on the words of the promissory note to establish defendant's security interest in the taxpayer's property. However, under the law of this circuit, that is not enough to establish that the security interest was choate. *See J.D. Court, Inc. v. United States*, 712 F.2d 258, 259 (7th Cir. 1983) (holding that the choateness doctrine survived the Tax Lien Act of 1966 and should be used to determine which security interests have priority over a federal tax lien); *but see Jersey State Bank v. United States*, 926 F.2d 621, 623 (7th Cir. 1991) (arguing in dicta that although the 7th Circuit still utilizes the choateness doctrine, that doctrine may not have survived the Tax Lien Act of 1966). It is undisputed that the promissory note came due on September 15, 1997. But defendant has not established as undisputed any facts regarding: (1) whether the taxpayer paid the debt due under the promissory note on or before September 15, 1997, thus eliminating defendant's security interest; (2) whether and when the taxpayer defaulted on the loan; (3) what, if any, steps were taken to prevent the taxpayer from withdrawing the money in taxpayer's accounts, or what steps were taken to exercise the bank's right of set off; and (4) whether these steps were taken before the notice of tax lien was filed, or within 45 days

00 C 7088

of the filing of the notice of tax lien. Until these facts are established, it is impossible for this court to determine whether the bank had a security interest in the taxpayer's accounts, or whether that security interest was choate and would therefore have priority over plaintiff's interest in taxpayer's money. For this reason, defendant's motion for summary judgment is denied.

ORDERED: The motion for summary judgment of plaintiff, the United States of America, is denied. The motion for summary judgment of defendant, Harris Bank Palatine, is denied.

ENTER:

GEORGE W. LINDBERG
Senior U.S. District Judge

DATED: OCT 3 1 2007